IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge R. Brooke Jackson

Civil Action No. 16-cv-00436-RBJ
Criminal Action No. 12-cr-00504-RBJ-1

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.

1.     KENNETH GREENWOOD,

      Defendant/Movant.

---

## ORDER DENYING § 2255 MOTION TO VACATE

---

     This matter is before the Court concerning the Motion Under 28 U.S.C. § 2255

To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody ("§ 2255

Motion") (Docket No. 158[1]) and Memorandum of Law in Support of Motion to Vacate,

Set Aside, or Correct Sentence (Docket No. 159) filed by Defendant/Movant Kenneth

Greenwood.  The Government's Response to § 2255 Motion ("Response") has also

been filed.  Docket No. 165.  Mr. Greenwood has submitted his Reply.  Docket No.

173[2].  For the reasons stated below, the Court denies the § 2255 Motion.

---

[1]All docket references in this Order will be to the criminal action.
[2]Mr. Greenwood's reply has been filed with the Court twice, once on October 3, 2016 (Docket 172) and again on October 4, 2016 (Docket No. 173).  A comparison of the documents reveals they are identical.  References to the reply in this Order will be to the document filed most recent in time at Docket No. 173.

1

## I.  BACKGROUND

Following a jury trial in November 2013, Mr. Greenwood was found guilty of two counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and two counts of possession of less than twenty-eight grams of cocaine base with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 851.  Docket No. 128 at 1-2.  The jury did, however, acquit Mr. Greenwood of a third identical drug count.  *Id.*

Two weeks after the jury verdict was reached, Mr. Greenwood filed a motion for judgment of acquittal regarding the two drug counts.  Docket No. 118.  He argued that because he had claimed the defense of entrapment concerning the drug charges and the jury had returned a verdict of not guilty on one of the drug counts, the Court must find as a matter of law that the Government had failed to prove he was not entrapped with respect to the other two later-in-time drug transactions.  *Id.*  Following oral argument, the Court ruled from the bench and denied the motion.  Docket No. 127 at 5-6.  For purposes of sentencing, the Court calculated an offense level of 30 and a criminal history category of VI, producing a guideline range of 168-210 months.  *Id.* at 20.  The Court sentenced Mr. Greenwood to two terms of imprisonment of 120 months each for the firearms possession convictions and two terms of 132 months each for the drug convictions, with all of the terms of imprisonment to be served concurrently.  Docket No. 128 at 3.  Judgment was imposed on February 3, 2014.  *Id.* at 1.

Mr. Greenwood timely filed Notice of Appeal in his case.  Docket No. 129.  The United States Court of Appeals for the Tenth Circuit affirmed this Court's judgment on

December 11, 2014.  Docket No. 156.  Mr. Greenwood did not seek a petition for certiorari review by the United States Supreme Court.

On February 22, 2016, Mr. Greenwood filed the instant § 2255 Motion, in which he asserts 13 claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel.  Docket Nos. 158 and 159.  Based on the briefing received from the parties, Mr. Greenwood's § 2255 Motion is ripe for decision by the Court.

## II.  STANDARD OF REVIEW

The provisions of 28 U.S.C. § 2255 allow a prisoner in federal custody to collaterally attack a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A § 2255 motion is not a substitute for a direct appeal.  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

The Court must construe the § 2255 Motion liberally because Mr. Greenwood is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## III.  ANALYSIS

In his § 2255 Motion, Mr. Greenwood alleges that his trial counsel was ineffective:

1.  For stipulating to essential elements of the charged offense without [Mr. Greenwood's] authorization.

3

2. For waiving [Mr. Greenwood's] right to presence without an intentional waiver by [Mr. Greenwood].

3. For failing to challenge or cross-examine the government's informant concerning the improper gratuities provided to its chief witness.

4. For refusing to object to blatant instances of prosecutorial misconduct.

5. For neglecting to object to opinions and statements on *ultimate issue* [sic] which were rendered by case agent who was proposed as expert.

6. For failing to object to testimony of the case agent which improperly mentioned [Mr. Greenwood's] prior convictions in the presence of the jury.

7. For neglecting to object to testimony of the expert witness on matters which were beyond the scope of his authorization to testify as an expert.

8. For neglecting to object to prejudicial hearsay testimony.

9. For failing to cross-examine the case agent concerning false testimony.

10. For neglecting to object to violations of [Mr. Greenwood's] Sixth Amendment right to confrontation and cross-examination.

11. For failing to object to improper and prejudicial jury instruction.

12. For failing to object to the Court's responses to jury notes requesting clarification of legal issues.

13. For failing to object to neglect [sic] in awarding [Mr. Greenwood] a two-level reduction for acceptance of responsibility.

Docket No. 159 at 3-4.

In a fourteenth claim, Mr. Greenwood contends that his appellate counsel was ineffective for failing to argue that the cumulative error doctrine requires a new trial in his case. *Id.* at 4.

The Government agrees with Mr. Greenwood that his § 2255 Motion is timely, but has defended against each of Mr. Greenwood's claims and any supporting allegations. Docket No. 165. In its Response, the Government sought to simplify

organization of their response by arranging Mr. Greenwood's claims into four categories:

A. Claim one, which centers on counsel's stipulations.

B. Claims that allege a failure to object, consisting of claims 5, 6, 7, 8, 10, 11, 12, and 13.

C. Claims that rest on misapprehensions of law, involving claim 2, or of fact, comprised of claims 3, 4 and 9.

D. Claim 14 challenging the performance of appellate counsel.

*Id.* at 4.

Mr. Greenwood does not object to the organization of his claims in this manner, and has fashioned his Reply in accordance with the format of the Government's Response. Docket No. 173 at 1. Therefore, the Court's ruling will follow the same structure.

### A.     Law Governing Ineffective Assistance of Counsel Claims

To obtain relief under § 2255 on grounds of ineffective assistance of counsel, Mr. Greenwood must establish that performance by his lawyers was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *see also Upchurch v. Bruce*, 333 F.3d 1158, 1163 (10th Cir. 2003) (claims asserting the ineffectiveness of appellate counsel are governed by the Supreme Court's decision in *Strickland*). "Thus, 'we give considerable deference to an attorney's strategic decisions and recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *United States v. Patterson,* 525 Fed. Appx. 681, 685 (10th Cir. 2013) (unpublished) (quoting *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th

Cir. 2002) and *Strickland*, 466 U.S. at 690). Mr. Greenwood bears the burden of demonstrating that his counsels' performances "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 694.

Mr. Greenwood must also prove that deficient performance by counsel prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). To satisfy the prejudice prong, Mr. Greenwood must show that there is a reasonable probability that but for alleged error by counsel, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because Mr. Greenwood "must demonstrate both *Strickland* prongs to establish his claim[s], a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n. 14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n. 14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697. Mr. Greenwood, as the movant, bears the burden of proving he was prejudiced by the claimed action or inaction by his counsel. *See id.* at 694; *see also United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (a section 2255 defendant has the burden of overcoming the presumption that counsel provided effective assistance).

### B.  Claim That Centers on Counsel's Stipulations

Mr. Greenwood argues his attorney provided ineffective assistance of counsel under an allegation that without his knowledge or consent, his attorney entered into a stipulation regarding two of the three essential elements needed to establish each of the

two counts of felon in possession of a firearm against him, i.e., that Mr. Greenwood was a felon and that the alleged weapon traveled in interstate commerce.[3]  Docket No. 159 at 7.  Mr. Greenwood contends that removing the requirement of proof for these two elements from the Government's burden at trial made it easier for the Government to secure a conviction, thereby constituting a plea of guilty to the charges, and waived his right to confront witnesses.  *Id.*

Mr. Greenwood relies on *Brookhart v. Janis,* 384 U.S. 1 (1966) and *United States v. Aptt,* 354 F.3d 1269 (10th Cir. 2004) as authority for his claim in this regard.  In *Brookhart* and *Aptt,* however, the courts were clear that the issue of whether the defendant must participate personally in the waiver of a right depends on the right at stake.  *Brookhart,* 384 U.S. at 7-8; *Aptt,* 354 F.3d at 1281-82.  As stated by the Government, Supreme Court precedent has recognized four decisions a defendant has "the ultimate authority" to determine and therefore which cannot validly be waived by counsel as trial strategy in the face of client disagreement: "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal."  *Florida v. Nixon,* 543 U.S. 175, 187 (2004). Further, as the Supreme Court has opined, "[a]lthough there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has – and must have – full authority to manage the conduct of the trial.  The adversary process could not function effectively if

---

[3]As cited by the Government, three elements must be proven by the Government to support a charge of illegal possession of firearms under 18 U.S.C. § 922(g)(1):  (1) the defendant was previously convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce.  *United States v. Hishaw*, 235 F.3d 565, 571 (10th Cir. 2000).

every tactical decision required client approval." *Taylor v. Illinois,* 484 U.S. 400, 417-18 (1988). "Thus, some rights are firmly in the domain of trial strategy, and can be waived by counsel even in the face of client disagreement." *Aptt,* 354 F.3d at 1282 (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983)).

Neither Mr. Greenwood's § 2255 Motion nor his Reply offers pertinent legal authority to support the contention that his trial counsel's entering into a stipulation regarding certain elements of a charged offense is a material deviation from objective standards of professional reasonableness. Instead, he appears to contend that such conduct is *per se* unreasonable. This contention does not withstand analysis under *Strickland*.

First, the Court disagrees with the Government's offering of the unpublished opinion of the Court of Appeals for the Tenth Circuit in *United States v. DeWilliams*, 28 Fed.Appx. 913 (10th Cir. 2001), as providing support to Mr. Greenwood's position concerning ineffective assistance of counsel. First, in *DeWilliams*, the issue of the defense's stipulation to certain elements of the charged offense was considered in the context of a direct appeal, *see id.*, which presents a very different legal posture than a postconviction habeas corpus proceeding which is raising the issue of such a stipulation in an ineffective assistance of counsel claim. In *DeWilliams*,"[t]he government [bore] the burden of proving a lack of prejudice under a trial error analysis." *Id.* at 917-18. Whereas under § 2255, Mr. Greenwood bears not only the burden of demonstrating prejudice by establishing that had it not been for his counsel's alleged errors, the result of the proceeding would have been different, but he also bears the additional burden of establishing that his counsel's performance was deficient as compared to an objective

standard of reasonable performance. Additionally, the Tenth Circuit in *DeWilliams* found that the trial court – not counsel - committed error by not investigating the defendant's position further when it became aware the defendant did not agree to the stipulation regarding certain elements of a charged offense. *Id.* at 917. The issue presented to and decided by the appellate court in *DeWilliams* did not encompass the performance of defense counsel in the case or find that the decision to stipulate to some, but not all, elements of a charged offense is not within the domain of trial strategy but is instead a right that cannot be waived by counsel in the face of client disagreement. Therefore, based on the factual and legal differences between Mr. Greenwood's case and that of *DeWilliams*, the Court finds the ruling in *DeWilliams* to be inapplicable in this action.

Mr. Greenwood has cited no authority under the Constitution or laws of the United States which would demonstrate a trial counsel's stipulation to certain elements of an offense – even a stipulation that may arguably be involuntary by the defendant – was objectively unreasonable where trial counsel nevertheless contests other, more significant, elements of the offense. "Tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." *Hatch v. Oklahoma,* 58 F.3d 1447, 1459 (10th Cir. 1995) (citations omitted) (overruled on other grounds by *Daniels v. United States,* 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (citations and quotations omitted). Mr. Greenwood must show that counsel's performance was completely unreasonable so that it bears no relationship to a possible defense strategy, a demonstration that he cannot make in this regard. Stipulation to prior convictions that would be admitted anyway has been viewed as a classic example

of strategic trial judgment by the Tenth Circuit Court of Appeals. *See United States v. Chavez-Marquez*, 66 F.3d 259, 263 (10th Cir. 1995). Also, Mr. Greenwood cannot refute the Government's statement that since there are no gun manufacturers located in Colorado, the prosecution's burden in proving that a firearm has traveled in interstate commerce is easily met. *See United States v. Bedford,* 354 Fed.Appx. 319, 321 (10th Cir. 2009) (unpublished) ("the government could establish with minimal effort" that the firearm at issue had traveled interstate to Kansas since there were no firearm manufacturers located in Kansas). Mr. Greenwood provides no authority or facts to show that counsel's action in this regard fell below an objective standard of reasonable performance.

Mr. Greenwood's argument that the stipulations amounted to a guilty plea additionally finds no traction in the context of an ineffective assistance of counsel claim since the stipulations did not fully relieve the Government of its burden of proof on the possession of a firearm by a prohibited person charges. Mr. Greenwood fails to demonstrate that concession of minor elements of the possession of a firearm offense is the functional equivalent of a guilty plea where, as here, trial counsel held the Government to its burden of proof with regard to the more significant element of the offense concerning whether Mr. Greenwood knowingly possessed a firearm. *Cf. Boykin v. Alabama,* 395 U.S. 238, 242-43 (1969) (a guilty plea is "more than a confession which admits that the accused did various acts," it is a "stipulation that no proof by the prosecution need be advanced" (internal quotation marks omitted)). Additionally, Mr. Greenwood's right to confrontation is not implicated in either of the stipulated elements, as he makes no attempt to show what witness he was precluded from cross-examining

or what evidence in his favor would have been gained by such cross-examination concerning his prior felony criminal record or the fact that the firearm had traveled in interstate commerce. While Mr. Greenwood's filings must be construed liberally because of his *pro se* status, the Court cannot supply facts or construct a legal theory on his behalf that assumes facts that have not been pleaded. *See generally Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (citing *Neitzke v. Williams,* 490 U.S. 319, 330 n.9 (1989) (while a court must liberally construe a *pro se* plaintiff's factual allegations, it should not supply additional facts or construct legal theories for the plaintiff).

Accordingly, the Court finds there is no clear authority establishing that the decision of trial counsel to stipulate to elements like prior convictions and that a firearm traveled in interstate commerce, even over a defendant's objection, constitutes ineffective assistance of counsel. *See United States v. Murphy,* 156 Fed.Appx. 90, 93 (10th Cir. 2005) (unpublished) (for a defense counsel's advice to rise to the level of constitutional ineffectiveness, the decision to stipulate to the admission of evidence must have been not merely wrong but completely unreasonable so that it bears no relationship to a possible defense strategy). In the absence of evidence that his trial counsel's entry into such stipulations fell below an objective standard of reasonableness, Mr. Greenwood fails to establish the first prong of *Strickland. See Strickland*, 466 U.S. at 689 (a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.") (quotation omitted).

Since Mr. Greenwood has not demonstrated that his counsel's performance fell below an objective standard of reasonableness, it would generally not be necessary for the Court to reach the second question under *Strickland* regarding prejudice. *See Orange*, 447 F.3d at 796-97. However, since Mr. Greenwood notes in his Reply that he interprets the Government's position to be that deficient performance has been proven and therefore he replies only with regard to whether he was prejudiced by the performance, the Court will address the issue of prejudice under *Strickland*.

Mr. Greenwood has offered no legal authority, no evidence, and no colorable argument to establish that there is a reasonable probability that the results of his trial would have been different without the stipulations concerning his prior convictions and that the firearms had traveled in interstate commerce. Mr. Greenwood alleges no viable facts to demonstrate that he was not previously convicted of a felony or that the firearm had not traveled in interstate commerce. If Mr. Greenwood's attorney had required the Government to present evidence showing these two elements of the crime charged, the Government may clearly have done so. *See e.g. Bedford,* 354 Fed.Appx. at 321(that the firearm had traveled interstate was a fact that "the government could establish with minimal effort" since there were no firearm manufacturers located in Kansas); *see United States v. Hudgins,* 2016 WL 3523838, *5-6 (E.D. Mich. May 31, 2016) (as to the element of the felon in possession of a firearm charge regarding a prior felony conviction, the government is merely required to produce evidence of the prior criminal history at trial); *see generally United States v. O'Kane,* 185 F.3d 875, 1999 WL 448818, *4 (10th Cir. 1999) (unpublished) (certificate of appealability denied and appeal of denial of § 2255 motion dismissed because it would not have been difficult for the government

to prove the element of the charged offense of armed robbery of a federally insured bank that deposits of the banks which were robbed by the defendant were generally insured by the FDIC).

Instead, in his Reply, Mr. Greenwood represents that he was prejudiced because the prosecution's burden of proof via the stipulation was lessened and so he would have fared better by simply pleading guilty to the charged offenses. Docket No. 173 at 5. However, Mr. Greenwood cannot support a claim of ineffective assistance of counsel by merely stating he was prejudiced because counsel did not require the government to go through the motions of proving seemingly evident elements of the crime charged. *See e.g. O'Kane,* 1999 WL 448818 at *4.

Additionally, with regard to Mr. Greenwood's allegation that he would have fared better by simply pleading guilty, an earlier plea offer was withdrawn by the prosecution on April 10, 2013, following the Court's indication that it was not inclined to accept an appeal waiver under the plea agreement, and the case was set for trial. Docket No. 31. While Mr. Greenwood provides no information concerning a viable offer by the prosecution under which he would have had the opportunity to plead guilty, the Government's Response does indicate there was a second plea offer which was rejected by Mr. Greenwood. Docket No. 165 at 17 (citing Docket No. 141 at 6). In this regard, however, Mr. Greenwood must demonstrate not only a reasonable probability that he would have pleaded guilty, but also that his resulting sentence would have been lower. *Cf. United States v. Landsaw,* 206 Fed.Appx. 773, 777 (10th Cir. 2006) (finding no prejudice where movant argued that he would have pleaded guilty to a different count and received a sentencing reduction if not for ineffective assistance, but could not

establish that he actually would have received the reduction).  Mr. Greenwood summarily contends in his Reply that "a guilty plea would have resulted in a sentencing guideline range which was extremely lower by several years."  Docket No. 173 at 5.

Mr. Greenwood provides no legal or factual support for his statement that his sentencing guideline range would have been "extremely lower by several years."  While it is true that the sentencing guidelines generally provides for a two-level reduction if a defendant "clearly demonstrates acceptance of responsibility for his offense," U.S.S.G. 3E1.1, "[a] defendant who enters a guilty plea is not entitled to an adjustment . . . as a matter of right," *id.* at comment (n.3).  "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility."  *Id.* at comment (n.5).  Given the discretionary nature of most sentencing issues, Mr. Greenwood states merely a conclusory assumption that his sentencing guideline range would have been lower. Such a conclusion is insufficient to support his claim of ineffective assistance of counsel. *See United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir. 1994) (although a *pro se* habeas application must be liberally construed, a court is "not required to fashion [applicant's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.") (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Mr. Greenwood fails to provide any facts or persuasive argument that there was a viable plea offer from the prosecution under which he would have agreed to plead guilty, he fails to demonstrate that there would have been a basis in fact for the Court to accept the plea of guilty pursuant to such an agreement, or that no provisions of such an agreement would be found to be contrary to law, or that his resulting sentence would

have been lower.  *See e.g.* FED. R. CRIM. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.") and 11(c)(3) (concerning judicial consideration of a plea agreement).

Finally, contrary to the position he now takes in his Reply, Mr. Greenwood's original representation to the Court in his § 2255 Motion was that he "consistently expressed his innocence and a desire to proceed to trial on the charged offenses." Docket No. 159 at 7.  At best, Mr. Greenwood has demonstrated a change of heart concerning a guilty plea as part of these postconviction proceedings, which is insufficient to demonstrate that the outcome of the proceedings likely would have changed under the prejudice prong of *Strickland*.  *See United States v. Allen,* 497 Fed.Appx. 853, 854 (10th Cir. 2012) (unpublished) (rejecting a similar *Strickland* claim because the defendant maintained a position of innocence throughout the case); *see also Sanders v. United States,* 341 F.3d 720, 723 (8th Cir. 2003) (defendant who maintains innocence at all stages of prosecution undermines later claims under § 2255 that he would have pleaded guilty had he received effective assistance of counsel). Therefore, Mr. Greenwood's mere speculation that he would have pleaded guilty in this regard is insufficient to demonstrate prejudice.

Accordingly, with regard to his claim that centers on counsel's stipulations, the Court finds that Mr. Greenwood has not demonstrated his trial counsel's performance fell below the *Strickland* standard, and even if it had, Mr. Greenwood has not demonstrated that such deficient performance was prejudicial and thus warrants relief. Therefore this claim will be denied.

### C.    Claims Alleging a Failure to Object

Mr. Greenwood's Claims 5, 6, 7, 8, 10, 11, 12, and 13 contend that his trial counsel was ineffective in failing to make various objections.  Mr. Greenwood must show "that counsel did not exercise the skill, judgment and diligence of a reasonably competent defense attorney," *United States v. Voigt,* 877 F.2d 1465, 1468 (10th Cir. 1989), and that counsel's decisions were "completely unreasonable, not merely wrong," *Boyd v. Ward,* 179 F.3d 904, 914 (10th Cir. 1999).  The reasonableness standard is purposefully and necessarily broad, for "[n]o particular set of detailed rules" would encompass all possible scenarios that an attorney might face.  *Bobby v. Van Hook,* 558 U.S. 4, 7 (2009).  Mr. Greenwood must also demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Failing to object to admissible evidence is not legally unreasonable, nor could it change the outcome of a case, and therefore failing to object to admissible evidence falls short of satisfying both elements of the *Strickland* test.  *Hough v. Anderson,* 272 F.3d 878, 898 (7th Cir. 2001) ("An ineffective assistance claim based on a failure to object is tied to the admissibility of the underlying evidence.").  Further, counsel's failure to raise an issue cannot be prejudicial if "the omitted issue is without merit."  *Orange,* 447 F.3d at 797.

### 1.  Claim 5 – Case Agent's Testimony Regarding Crack Cocaine

Mr. Greenwood alleges that his attorney was constitutionally ineffective by failing to object when the Alcohol, Tobacco and Firearms ("ATF") case agent testified as an expert at trial that the contraband involved was "actual narcotics" and was "crack cocaine purchased from Mr. Greenwood."  Docket No. 159 at 18 (citing the Trial

Transcript at 202:16 and 221:22).  Mr. Greenwood contends that the agent's testimony was objectionable because it concerned ultimate issues to be decided by the jury and therefore improperly invaded the jury's determination of those ultimate issues.  *Id.*

The Court agrees with the Government that Mr. Greenwood has not demonstrated or plausibly alleged facts reflecting that the ATF case agent's testimony in this regard was offered as an expert opinion at trial.  Mr. Greenwood provides no basis for the Court to find that the ATF case agent's reference to "actual narcotics" in the context of describing agency procedure which he performed with regard to custody of contraband and in authenticating certain evidence involved in the agent's investigation were subjects that would not within the agent's general knowledge as a fact witness in the case when he testified:

> Q.  And can you describe that process?
>
> A.  We take it to the ATF office.  Into our evidence vault area, where we have scales, packing equipment.  We take the narcotics, put them – first we test them, with a presumptive test, which is essentially a small capsule that you break and then touch against the cocaine, and it turns, in this case, blue, if it's presumptive positive for cocaine, so that we know it's *actual narcotics.*  And it did turn blue in this case.

Docket No. 165 at 8 (citing Docket No. 144 at 66-67 which reflects the portion of the Trial Transcript at 202:16 cited by Mr. Greenwood) (emphasis supplied).

> Q.  And how do you know that that's the envelope that you put what you believe to be crack cocaine in?
>
> A.  I signed it and dated it here on the heat seal.
>
> Q.  Okay.  And what is Government Exhibit 7?
>
> A.  Crack cocaine purchased from Mr. Greenwood.

Docket No. 165 at 8-9 (citing Docket No. 144 at 85 which reflects the portion of

the Trial Transcript at 221:22 cited by Mr. Greenwood).

As represented by the Government, and unchallenged by Mr. Greenwood, the parties had stipulated prior to trial that a forensic scientist from the Denver Police Department "would testify that Government Exhibit[s] 7, 20, and 27 tested positive for cocaine base or crack, a schedule II controlled substance."  Docket no. 165 at 9 (citing Docket No. 146 at 22).  Mr. Greenwood has offered no basis upon which the Court may find that the package contained something other than cocaine.  Therefore, Mr. Greenwood has failed to demonstrate how the lack of objection to admissible testimony in this regard would be legally unreasonable or that the lack of objection with regard to this testimony prejudiced him in the outcome of his case.

Even if the agent had testified as an expert, the rules of evidence allow an expert to opine on an "ultimate issue" to be decided by the trier of fact.  Fed. R. Evid. 704(a); *United States v. Dazey,* 403 F.3d 1147, 1171 (10th Cir. 2007).   However, an expert may not "merely tell[ ] the jury what result they should reach" or offer "testimony phrased in terms of 'inadequately explored legal criteria.'"  *United States v. Simpson,* 7 F.3d 186, 188 (10th Cir. 1993).  In light of the stipulation of the parties prior to trial which established that the contraband in Government Exhibit[s] 7, 20, and 27 tested positive for cocaine base or crack, Mr. Greenwood fails to show or plausibly allege how the agent's testimony superseded the jury's judgment in this regard. Therefore, even if the agent's testimony were to be considered as expert testimony, Mr. Greenwood has failed to demonstrate how the lack of objection to admissible testimony in this regard would be a legally unreasonable performance by his attorney under *Strickland.*  Further, the agent explained the source of his knowledge regarding the contraband and his testimony as

being personal to his own actions when he was in contact with the evidence. Consequently, Mr. Greenwood fails to show that the lack of objection with regard to the agent's testimony prejudiced him in the outcome of his case and this claim shall be dismissed.

### 2. **Claim 6 – ATF Case Agent's Testimony About Prior Convictions**

Mr. Greenwood alleges ineffective assistance by his attorney at trial for failing to object when the ATF case agent testified that Mr. Greenwood had two prior convictions for drug distribution. Docket 159 at 20-21 (citing Trial Transcript at 182:2). Mr. Greenwood argues that because he did not testify on his own behalf and because the fact of his convictions had already been stipulated to, the Federal Rules of Evidence precluded the testimony by the case agent and his attorney committed error by not objecting to the testimony. *Id.* Citing to *Strickland* and three cases from the Tenth Circuit Court of Appeals, Mr. Greenwood claims that his attorney committed serious error by not objecting to the testimony and that "but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* at 21. Mr. Greenwood cites to *United States v. Ferguson,* 604 Fed.Appx. 687 (10th Cir. 2015) (federal habeas movant was not prejudiced by defense counsel's failure to submit lab reports at sentencing and the evidence did not support an ineffective assistance of counsel claim regarding counsel's recommendation that the movant plead guilty); *Grant v. Trammell,* 727 F.3d 1006 (10th Cir. 2013) (federal district court's dismissal of state habeas corpus petition affirmed based on, among other things, the federal district court's determination that the state appellate court was not unreasonable in concluding that the petitioner was unable to show prejudice on his ineffective assistance of counsel claim); *Wackerly v.*

*Workman,* 580 F.3d 1171 (10th Cir. 2009) (state death penalty habeas petitioner failed

to demonstrate that allegedly deficient performance by defense counsel during

sentencing was prejudicial). However, other than standing for the time honored two

prong structure which governs the analysis of ineffective assistance of counsel claims

as set forth in *Strickland*, the cases cited by Mr. Greenwood fail to obviously provide any

further support or authority for his claim and Mr. Greenwood has provided no specific

guidance on application of the cases to his habeas effort in this regard.

What Mr. Greenwood fails to address in either his § 2255 Motion or his Reply

concerning this claim is the reason why the ATF case agent's testimony regarding Mr.

Greenwood's prior convictions was offered at trial, which the Government indicates and

Mr. Greenwood does not dispute, was: "Because [Mr.] Greenwood's theory of defense

was entrapment, the prosecution was entitled to introduce evidence – including

convictions for acts – to show that [Mr.] Greenwood was predisposed to commit the

charged offenses." Docket No. 165 at 10. As opined by the Tenth Circuit in connection

with Mr. Greenwood's appeal of the denial of his motion for judgment of acquittal

regarding the two drug counts on which he was convicted:

> "[A] successful entrapment defense exists when the government (1)
> induces the defendant to commit an offense that (2) the defendant was not
> predisposed to commit." *United States v. Dyke,* 718 F.3d 1282, 1291 (10th
> Cir. 2013). Once an entrapment defense is raised, the government bears
> the burden to prove "beyond a reasonable doubt that the defendant was
> not entrapped." *United States v. Ford,* 550 F.3d 975, 982 (10th Cir. 2008).
> If the government disproves either element, the entrapment defense fails.
> *Id.* . . . Predisposition occurs when a defendant is ready and willing to
> commit the crime he was charged with. *Dyke,* 718 F.3d at 1291. It may
> be shown by evidence of prior illegal acts that are similar. [*United States
> v.*] *Hildreth,* 485 F.3d [1120,] 1126 [(10th Cir. 2007)]. . . .

*United States v. Greenwood,* 594 Fed.Appx. 486, 488-89 (10th Cir. 2014).

While it is accurate that Mr. Greenwood did not testify in the trial, his prior similar illegal acts were still admissible at trial based on the defense of entrapment being raised. *Hildreth,* 485 F.3d at 1126. The first claim of Mr. Greenwood's § 2255 Motion and the record herein reflects that the stipulation reached regarding his prior felony convictions encompassed just the two counts of felon in possession of a firearm against Mr. Greenwood. Accordingly, Mr. Greenwood cannot establish that his counsel's failure to object to the admissible evidence of his prior convictions was legally unreasonable, nor has he established how the outcome of his case would have changed but for the lack of objection. *Hough,* 272 F.3d at 898 (counsel's failure to object to admissible evidence falls short of satisfying both elements of the *Strickland* test). Therefore, this claim shall be dismissed.

### 3. Claim 7 – ATF Case Agent's Testimony Concerning Drug Terminology

At trial, the case agent testified about the meaning of the words "zip," "hammer," and "banger" as the words are used "in the criminal underworld." Docket No. 173 at 21. Mr. Greenwood contends that the case agent was not qualified to define the words as associated with criminal activity and that the definitions the case agent provided were prejudicial. *Id.* Therefore, Mr. Greenwood posits, his attorney provided him with ineffective assistance at trial because the attorney did not object to the case agent's testimony. *Id.* at 21-22.

The Court agrees with the Government that the record shows the case agent had adequate knowledge or experience to render a reliable opinion about the meaning of "zip," "hammer," and "banger." Docket No. 165 at 10 (citing the Trial Transcript contained at Docket No. 144 at 49 (agent explains that he had worked hundreds of

narcotics cases and is familiar with the word "zip") and 60 (same for the words "hammer" and "banger")).  Further, pursuant to Fed. R. Evid. 701, a lay witness may properly testify about the meaning of drug code words when the witness is significantly involved in the underlying criminal investigation.  *See United States v. Akins,* 746 F.3d 590, 599 (5th Cir. 2014) (recognizing "that testimony about the meaning of drug code words can be within the proper ambit of a lay witness with extensive involvement in the underlying investigation."); *see also United States v. Cheek,* 740 F.3d 440, 447-48 (7th Cir. 2014) ("When a law enforcement officer testifies about the meaning of drug code words used by defendants based on personal knowledge obtained from the investigation of those defendants, the officer is testifying as a lay witness."); *United States v. Vera,* 770 F.3d 1232, 1242-43 (9th Cir. 2014) ("Officers may testify about their interpretations of 'commonly used drug jargon' based solely on their training and experience."); *United States v. Jayyousi,* 657 F.3d 1085, 1102-04 (11th Cir. 2011) (lay witness need not be a participant or observer of conversation in order to testify about the meaning of coded language used in that conversation).

The ATF case agent who testified as to the meaning of "zip," "hammer," and "banger" was part of the investigation involving Mr. Greenwood, he handled the informant involved by outfitting the informant with electronic surveillance, provided the informant with funds to make the purchase, gave the informant direction, and was the informant's point of contact during the controlled purchase on September 13, 2012. Docket No. 144 at 40-41.  While the agent's training and experience as an ATF agent would provide him with adequate knowledge or experience to render a reliable opinion about the meaning of "zip," "hammer," and "banger," his understanding of the terms is

grounded upon his knowledge of the facts of Mr. Greenwood's case. While the agent did not expressly state whether the basis of his knowledge was the investigation of Mr. Greenwood, as distinguished from his experience, the record does not clearly or obviously reflect that his testimony was not admissible lay-opinion testimony.

Whether the ATF agent's testimony is viewed as expert or lay-opinion testimony, Mr. Greenwood has failed to demonstrate how the lack of objection to the testimony would constitute deficient performance by his attorney in this regard, since the testimony was admissible, or how the lack of objection to admissible testimony prejudiced him in the outcome of his case. Therefore, this claim will be dismissed.

### 4. <u>Claim 8 – Hearsay Testimony</u>

Mr. Greenwood alleges that hearsay testimony was admitted in the Government's case-in-chief which improperly bolstered the Government's case. Docket No. 159 at 22. In this regard, Mr. Greenwood takes issue with hearsay statements he claims were introduced through the testimony of the ATF case agent and which he therefore argues should have been objected to by his attorney.

The first instance of hearsay asserted by Mr. Greenwood concerns the agent's testimony that a female clerk working in Mr. Greenwood's store called Mr. Greenwood and established a place for the informant and Mr. Greenwood to meet for the drug transaction:

Q: Do you know what happened after [the informant] entered the store?

A: Yes.

Q: And what happened?

A: He spoke with a female clerk who was working and asked for Mr. Greenwood.

> She told him Mr. Greenwood wasn't around.
> The confidential informant asked her to telephone Mr. Greenwood and tell him that he was there.
>
> She made that telephone call. I could hear her saying to our informant, He wants you to meet him at 32nd and Ivanhoe. And then I heard him leave the store.

Docket No. 144 at 55.

Mr. Greenwood contends that because the store clerk did not testify and no other evidence was introduced to show that the agent had personal knowledge of what the store clerk did or said, the agent's testimony was objectionable as uncorroborated hearsay. Docket No. 159 at 22-23 (citing Trial Transcript at 191:8). Therefore, Mr. Greenwood states, his attorney was deficient in his performance at trial and counsel's deficiency was prejudicial because the jury should not have heard this line of testimony. *Id.*

However, as the Government's Response points out, the agent was listening to the exchange between the informant and the store clerk first-hand. Docket No. 165 at 11; Docket Nos. 144 at 47 ("A: . . . And the microphone catches voice, not only the confidential informant's voice or whoever they're speaking with, but things that are happening around them. . . .") and 54 ("Q: . . . How are you being updated?; A: It's being broadcast live over radio waves, and I hear it in my car, live time."). Foundation for the agent's testimony was established with regard to the exchange between the store clerk and the informant, and therefore, the agent having personally heard the exchange between the store clerk and the informant, Docket No. 144 at 55, the agent had sufficient knowledge to provide witness testimony concerning the exchange. *See* FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced

sufficient to support a finding that the witness has personal knowledge of the matter.").

The second exchange Mr. Greenwood argues was objectionable hearsay introduced through the testimony of the ATF case agent concerns statements by Mr. Greenwood concerning the quality of the drugs as "Peruvian" and "some nice shit." Docket No. 159 at 22 (citing Trial Transcript at 216:16). The record reflects that the statements by Mr. Greenwood were recorded on video. Docket No. 144 at 77-78. Therefore, since Mr. Greenwood made the statements, the statements are not hearsay and would therefore be admissible against him at trial. *See* FED. R. EVID. 801(d)(2)(A); *see also United States v. Townley,* 472 F.3d 1267, 1274 (10th Cir. 2007) (concluding that defendant's statements in recorded conversations are admissible as party admissions). Any objection by counsel to the admissibility of the testimony of the agent in this regard would have been meritless. Further, the video itself containing the statements was played for the jury. Docket No. 144 at 77 (second clip from September 13 on Government Exhibit 80).

Since the agent's testimony was admissible as a party admission, Mr. Greenwood has failed to demonstrate how the lack of objection to the testimony would constitute deficient performance by his attorney in this regard and additionally Mr. Greenwood has failed to show how the lack of objection to admissible testimony prejudiced him in the outcome of his case, particularly since the video of the statements had already been played for the jury prior to the agent's testimony.

Plaintiff has failed to establish either cause or prejudice under *Strickland* with regard to his eighth claim of ineffective assistance of counsel. Accordingly, Plaintiff's claim of ineffective assistance of counsel based on no objections being made by his trial

attorney to the agent's testimony concerning the exchange between the informant and the store clerk and the statements made by Mr. Greenwood will be dismissed.

### 5. <u>Claim 10 – Confrontation Clause</u>

In his Claim 10, Mr. Greenwood alleges that his trial attorney was constitutionally ineffective by failing to object when the ATF case agent testified "about what someone else did," i.e., that the Denver Police Department laboratory conducted testing on the contraband and confirmed that the substance involved tested positive as crack cocaine. Docket No. 159 at 25.  Mr. Greenwood argues that because the forensic analyst who conducted the testing did not testify at trial, he was deprived of an opportunity to confront and cross-examine the proponent of the alleged evidence.  *Id.*

Mr. Greenwood relies on *Crawford v. Washington,* 541 U.S. 36 (2004), for the proposition that a "testimonial certification" of the test results could be admitted only where the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine.  Docket No. 159 at 25.  However, Mr. Greenwood fails to tie the authority he has cited to the facts of his case.  As pointed out by the Government with regard to this claim by Mr. Greenwood, the forensic analyst from the Denver Police Department laboratory did not testify because the parties stipulated that the tested substances were cocaine.  Docket No. 165 at 12 (citing Docket No. 146 at 22). Therefore, based on the stipulation, Mr. Greenwood's reliance on *Crawford* is misplaced and the prosecution could introduce the laboratory report into evidence without offering a witness competent to testify as to its accuracy.  *See Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 314 n.3 (2009) ("The right to confrontation may, of course, be waived . . . ."); *Cf. Bullcoming v. New Mexico,* 564 U.S. 647, 651 (2011) ("Absent stipulation, the

Court [in *Melendez-Diaz*] ruled, the prosecution may not introduce such a report without offering a live witness competent to testify to the truth of the statements made in the report."). Since the laboratory results were admitted by stipulation, the ATF case agent's comments constituted restatement of facts already stipulated to be admissible as evidence.

In keeping with the acknowledgement by the courts that the right to confrontation may be waived, the Court of Appeals for the Tenth Circuit has opined, "some rights are firmly in the domain of trial strategy, and can be waived by counsel even in the face of client disagreement." *Aptt,* 354 F.3d at 1282 (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983)). In this regard, the Tenth Circuit has focused on whether "the attorney's decision [can be said to be] a legitimate trial tactic or part of a prudent trial strategy." *Id.* at 1283 (citing *Hawkins v. Hannigan,* 185 F.3d 1146, 1155 (10th Cir. 1999)). The appellate court warned against "[r]equiring [a] kind of lawyerly omniscience [that] would make effective waivers exceedingly rare, to the detriment of defendants as well as the government. The power to waive rights is an important bargaining chip with which defendants can often gain substantial concessions from the government. But a waiver that is invalid as soon as a party thinks of a new reason for asserting the waived right is no waiver at all." *Id.* at 1284.

Mr. Greenwood provides no legal or factual basis upon which an objection to the agent's testimony would or could have been sustained by the Court in light of the stipulation. Absent such a demonstration, "it appears that counsel made a legitimate strategic choice to prevent the presentation of harmful evidence to the jury by stipulating rather than having the government forensics expert take the stand." *United States v.*

*Ashley,* 41 Fed.Appx. 240, 243 (10th Cir. 2002) (citing *United States v. Davis*, 36 F.3d 1424, 1433 (9th Cir. 1994)); *see also Lemon v. United States,* 335 F.3d 1095, 1096 (8th Cir. 2003) (holding defense counsel's decision to stipulate that drug was crack cocaine was not ineffective assistance, rather the decision was part of "reasonable trial strategy" in which counsel sought to disprove element of possession rather than drug type). Further, neither Mr. Greenwood's § 2255 Motion nor his Reply provide any evidence or allege plausible facts to show that the substances tested were not cocaine. Nor has he presented any reason to believe that cross-examination of the forensic analyst would have undermined in any way the conclusions stated in the laboratory report. Thus, Mr. Greenwood has failed to show a reasonable likelihood that the outcome of his trial would have been different if he had been permitted to cross-examine the forensic analyst. In other words, Mr. Greenwood has also failed to show prejudice.

Mr. Greenwood cannot establish that counsel unreasonably failed to make a meritorious objection to the agent's testimony regarding the laboratory results which the parties had stipulated to or that the lack of objection resulted in prejudice to him. Accordingly, this claim is without merit and will be dismissed.

### 6. <u>Claims 11 and 12 – Jury Instruction and Answers to Jury Questions</u>

Mr. Greenwood's Claims 11 and 12 concern the term "predisposition" as used during his trial in connection with his asserted defense of entrapment. He argues that the Court should not have used the term when instructing the jury, Docket No 159 at 26, and he contends that the Court responded improperly to jury questions that centered on that term, *id.* at 28. Mr. Greenwood claims that his attorney was ineffective for failing to object to the jury instruction given by the Court or to object to the Court's response to

the jury's questions concerning clarification of the term.  *Id.* at 27 and 30-31.

### a.  Claim 11 – Jury Instruction

At trial, the jury was instructed that:  "As a defense to the crimes charged in this case, the defendant, Kenneth Greenwood, has asserted that he was entrapped.  The defense has two elements: 1.  Government agents must have induced the defendant to commit the offense; and  2.  The defendant must not have been otherwise predisposed to commit the particular offenses, given the opportunity."  Docket No. 114-9 at 17.  The instruction went on to indicate:

> As for the second element, predisposition to commit the particular offense, the focus is on the defendant's state of mind prior to the time government agents suggested the illegal activity.  You may consider such factors as whether the defendant previously engaged in the illegal activity, the defendant's desire for profit, his eagerness to participate in the transactions, his ready response to the government agents' offer, or his demonstrated knowledge or experience in the criminal activity under investigation.
>
> In order to return a verdict of guilty of the crimes charged in this case you must find beyond a reasonable doubt that Mr. Greenwood was not entrapped. . . ."

*Id.* at 17-18

During deliberations, one of the questions asked by the jury was:

> Is it possible to be predisposed to a charge in one case and not predisposed to the same type of charge on a different point in time, i.e., is predisposition a case-by-case basis or a general statement?  (4:26 PM)

Docket No. 159 at 26 (citing Trial Transcript at 727:4).

Defense counsel responded to the Court's reading of the question, "I think our response would be absolutely that it is case-by-case basis."  Docket No. 147 at 8.  The response proposed by the Court, was:

 Predisposition may be determined separately as to each of the five

counts. In other words, you should consider the facts as you find them to be as to each individual count. Then if you are determining whether the defendant was predisposed to commit the crime charged in the particular count, you would apply the explanation of predisposition provided in instruction no. 15 to the facts applicable to that count.

*Id.* at 9.

Counsel for Mr. Greenwood agreed that the proposed response was an accurate statement of the law, assisted the jury in applying the law, and was responsive to the question. *Id.* Counsel for the government argued that the first two sentences of the response were sufficient. *Id.* The longer response proposed by the Court was given to the jury. *Id.*

Mr. Greenwood argues that the Court's use of the term "predisposition" in the jury instruction was contrary to the conclusion of the Court of Appeals for the Tenth Circuit with regard to the pattern jury instruction in this regard, with the federal appellate court stating that "[t]he Committee has chosen not to use the word 'predisposition' as it sounds overly technical and thus may be confusing to the average juror." Docket No. 159 at 27 (citing the Comment for Tenth Circuit Proposed Criminal Pattern Instruction No. 1.27). Mr. Greenwood additionally contends that the Court's response to the question of the jury created further confusion. Therefore, he argues, his counsel was ineffective for failing to object to the response to the question of the jury and that the failure of his counsel to object was prejudicial to him, causing an unreliable result in the proceedings against him. *Id.* at 28.

A trial judge has extensive discretion in tailoring jury instructions, provided they correctly state the law and fairly and adequately cover the issues presented. *United States v. Conway,* 73 F.3d 975, 980 (10th Cir. 1995). Mr. Greenwood does not

challenge that the jury instruction or that the response to the jury's question correctly stated the law or that the instruction did not sufficiently cover the issue presented by the evidence. Instead, his position appears to be that because the pattern jury instruction proposed by the Tenth Circuit does not utilize the term "predisposition," the Court's use of the term was somehow automatically and constitutionally flawed. This is not an accurate position under the law. First, "[a] proposed pattern jury instruction is not legal authority." *U.S. v. Ledford,* 154 Fed.Appx. 692, 706 (10th Cir. 2005). Further, jury instructions need not be faultless in every particular. *United States v. Jaynes,* 75 F.3d 1493, 1504 (10th Cir. 1996).

Mr. Greenwood has failed to show that the jury instruction or the response to the jury's question misled the jury as to the governing law or was otherwise erroneous. As the Government indicates in its response, "[a] different instruction would not have dispensed with the element of predisposition; it simply would have expressed the same concept in different terms." Docket No. 165 at 14 (citing Pattern Instruction 1.27 which replaces "predisposed to commit" with "already willing to commit"). Whether viewed under either terminology, the Tenth Circuit determined in affirming the denial of Mr. Greenwood's motion for acquittal that there was "[a]mple evidence" presented to the jury to show that Mr. Greenwood was predisposed or already willing to sell drugs. *Greenwood,* 594 Fed.Appx. at 489.

There being no merit to a claim of error regarding the jury instructions or the response to the jury's question, counsel's performance was not deficient for failure to object in these instances. Failure to raise an issue that lacks merit does not constitute ineffective assistance of counsel under either prong of *Strickland*. *See Orange,* 447

F.3d at 797.  Accordingly, this claim shall be dismissed.

## b.  Claim 12 – Answers to Jury Questions

Mr. Greenwood contends that his attorney was constitutionally ineffective for

failing to object to responses provided by the Court to four questions asked by the jury

during their deliberations:

> Question 1:  Do we have to meet both elements for entrapment for each
> count individually or as it applies to all five charges as a whole?
>
> Answer 1:  The elements of the entrapment defense apply to each count
> individually.  In order for the jury to find that the entrapment defense does
> not apply as to a count, it must find that the government has proven
> beyond a reasonable doubt that either the defendant was not induced to
> commit that particular crime, or that he was predisposed to commit that
> particular crime, or both, as those elements are explained in Instruction
> No. 15.

Docket No. 159 at 28 (citing Trial Transcript at 721:19); Docket No 165 at 15 (citing

Docket No. 147 at 2-4).

> Question 2:  Does predisposition nullify completely the defense of
> entrapment?
>
> Answer 2:  If the government proves beyond a reasonable doubt that the
> defendant was predisposed to commit a particular crime, as predisposition
> was explained in Instruction No. 15, then the entrapment defense does not
> apply to that crime.  This decision must be made on a count-by-count
> basis.

Docket No. 159 at 29 (citing Trial Transcript at 721:22); Docket No. 165 at 15 (citing

Docket No. 147 at 2-4).

> Question 3:  In the case of the firearms, does the method of the
> acquisition apply to the entrapment defense?
>
> Answer 3:  Counts one and two charge possession of a firearm by a
> prohibited person, *i.e.*, a person who had previously been convicted of a
> crime punishable by more than one year in prison.  There was no
> evidence presented concerning how Mr. Greenwood acquired the
> firearms.  For purposes of this case, how he acquired the firearms is not

an issue.  No matter how he acquired them, he could not legally possess them unless he was entrapped.  The substance of the entrapment defense is the assertion by the defendant that he was not predisposed to possess the firearms and that he would not have possessed them if he had not been induced to possess them by the Government agents.  Therefore, if the Government proved beyond a reasonable doubt either that the defendant was predisposed to possess those firearms or that the Government agents did not induce him to possess the firearms, or both, then there was no entrapment.

Docket No. 159 at 29 (citing Trial Transcript at 724:10); Docket No. 165 at 15-16 (citing

Docket No. 147 at 5-7).

> Question 4:  Is it possible to be predisposed to a charge in a case and not predisposed to the same type of charge on a different point in time, *i.e.,* is predisposition a case-by-case basis or a general statement?

> Answer 4:  Predisposition may be determined separately as to each of the five counts.  In other words, you should consider the facts as you find them to be as to each individual count.  Then if you are determining whether the defendant was predisposed to commit the crime charged in the particular count, you would apply the explanation of predisposition provided in Instruction No. 15 to the facts applicable to that count.

Docket No. 159 at 30 (citing Trial Transcript at 727:4); Docket No 165 at 16 (citing

Docket No. 147 at 8-11).

Mr. Greenwood argues that his counsel was ineffective based on neglect in failing to ensure that the jury's confusion as evidenced by their questions was "cleared up" and that the failure of his attorney to do so caused the jury to return a prompt verdict of guilty.  Docket No. 159 at 30.  While Mr. Greenwood relies on *Bollenback v. United States,* 326 U.S. 607, 612-13 (1946), for the proposition that the Court was required "to expand its initial jury instructions when the jury questions arose" and therefore his attorney should have objected, he fails to indicate what expansion of the initial jury instructions his attorney was professionally deficient in failing to pursue.  Mr. Greenwood neither alleges facts or legal authority which would demonstrate that the

Court's answers to the jury's questions incorrectly stated the law or that the answers did not sufficiently address the questions submitted by the jury in terms of evidence presented at trial. Contrary to Mr. Greenwood's position, the jury's questions did not reflect such confusion as would render the answers given improper or provide a basis under which the initial jury instructions would require expansion. Each of the jury's questions did not repeatedly question the Court in the same content and context, but were instead diverse enough to demonstrate that the Court's answer to each question was responsive and satisfactory to the jury's inquiry.

Further, Mr. Greenwood fails to link the fact of the jury returning a prompt verdict of guilty to any plausible facts demonstrating continued confusion by the jury that was not cured by the Court's responses to the jury's questions. Mr. Greenwood fails to demonstrate how any of the Court's answers he challenges were somehow vague or nonresponsive to the question asked, thereby being unresponsive to the jury's questions and potentially perpetuating any confusion of the jury. Accordingly, Mr. Greenwood cannot show that counsel's failure to object to the Court's answers to any of the four jury questions was deficient or prejudicial. Therefore, this claim will be dismissed.

### 7.  Claim 13 - Reduction for Acceptance of Responsibility

In his Claim 13, Mr. Greenwood contends that since he was willing to plead guilty under the plea agreement which was rejected by the Court because of an appellate waiver, he was in essence forced to go to trial. Docket No. 159 at 32-33. Therefore, Mr. Greenwood continues, his failure to plead guilty was not his fault and he was entitled to reduction in his base level under the United States Sentencing Guidelines

("USSG") for acceptance of responsibility. *Id.* The Court did not allow for the acceptance of responsibility deduction, and Mr. Greenwood claims his attorney deficiently performed by failing to object to the denial of the reduction, thereby causing him prejudice because his sentence was increased several months without the reduction being applied. *Id.*

Mr. Greenwood's attorney did object to the determination by the United States Probation Office in the Pre-Sentence Investigation Report ("PSIR") that Mr. Greenwood was not entitled to the acceptance of responsibility reduction because he proceeded to trial. Docket No. 121 at 24-28. Counsel argued that Mr. Greenwood was deserving of the two-level adjustment to his base level under the USSG because he attempted to plead guilty early in the case, but that plea was rejected based on the appeal waiver in the agreement. *Id.* Further, citing to Tenth Circuit authority, counsel argued that Mr. Greenwood had admitted all elements of the offense under his asserted defense of entrapment and therefore, the reduction was warranted. *Id.* Counsel continued to argue the position at sentencing, but the Court declined to apply the reduction. Docket No. 126.

As has been previously stated, while it is true that the sentencing guidelines generally provides for a two-level reduction if a defendant "clearly demonstrates acceptance of responsibility for his offense," U.S.S.G. 3E1.1, "[a] defendant who enters a guilty plea is not entitled to an adjustment . . . as a matter of right," *id.* at comment (n.3). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," and in hindsight, his or her decision "is entitled to great deference." *Id.* at comment (n.5). Accordingly, the decision of the Court concerning

whether or not to grant the acceptance of responsibility reduction in sentencing Mr. Greenwood was squarely within the discretionary province of the Court and Mr. Greenwood points to no winning argument that was passed over by his attorney in attempting to convince the Court that the reduction was warranted. Therefore, Mr. Greenwood's claim of ineffective assistance of counsel in this regard essentially amounts to a complaint that his counsel's arguments concerning the two-level reduction were not sufficiently persuasive to convince the Court to award the reduction. It is well established that the mere fact that counsel's arguments were unsuccessful does not render counsel's performance constitutionally deficient. *See United States v. Miller,* 464 Fed.Appx. 750, 752 (10th Cir. 2012) (failure to obtain favorable outcome not proof of deficient performance); *United States v. Mullane,* 226 Fed.Appx. 810, 813 (10th Cir. 2007) (unsuccessful attempts by counsel to persuade court to impose lower sentence does not suggest performance was deficient). Mr. Greenwood cannot establish a claim of ineffective assistance of counsel in this regard and this claim shall be dismissed.

### C. Claims Based on Mistakes of Law or Fact

#### 1. Claim 2 – Waiver of Mr. Greenwood's personal presence

In the second claim of his § 2255 Motion, Mr. Greenwood contends that his attorney's performance at trial was objectively unreasonable when counsel failed to make sure that Mr. Greenwood was present "during discussions with the Court concerning a note from the jury for clarification of a legal issue." Docket No. 159 at 9-10. Mr. Greenwood claims that by counsel not ensuring his presence during such discussion, that he was substantially prejudiced because he "could not take part in considerations of trial counsel's strategy and how the jury would be instructed." *Id.* at

10.  In support of his claim, Mr. Greenwood cites to seminal cases from the United States Supreme Court and to the Federal Rules of Criminal Procedure regarding a criminal defendant's right to be present at trial.   *See* Fed. R. Crim. P. 43(a)(2) (a criminal defendant "must be present at . . . every trial stage, including jury impanelment and the return of the verdict); *United States v. Gagnon,* 470 U.S. 522, 526 (1985); *Brady v. United States,* 397 U.S. 742, 748 (1970); *Snyder v. Massachusetts,* 291 U.S. 97, 106 (1934), *overruled on other grounds by Malloy v. Hogan,* 378 U.S. 1, 84 (1964).

Mr. Greenwood's understanding of and attempt at application of governing authority with regard to a defendant's presence at trial, however, is not accurate in the context of his claim in this regard.  It is true that the Supreme Court has recognized that "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to the outcome if his [or her] presence would contribute to the fairness of the procedure."  *Kentucky v. Stincer,* 482 U.S. 730, 745 (1987).  However, it must be shown that the defendant's presence "would have been useful in ensuring a more reliable determination."  *Id.* at 747.  Rule 43 of the Federal Rules of Criminal Procedure expressly indicates that the accused need not be present at "proceeding[s] involv[ing] only a conference or hearing on a question of law."  Fed. R. Crim. P. 43(b)(3). Instructive on this issue is that the Court of Appeals for the Tenth Circuit has reasoned that "[t]he jury instruction conference traditionally encompasses purely legal issues and, as such, it will be a rare case where a defendant can establish that his presence was essential to his opportunity to present his defense."  *Larson v. Tansy,* 911 F.2d 392, 395 (10th Cir. 1990).  The federal appellate court has extended the same reasoning to the context of when counsel and the court confer on a question from a deliberating jury or

when a type-written response is given to that jury question.  *Esnault v. Colorado,* 980 F.2d 1335, 1337 (10th Cir. 1992).

Here, the jury sent out two questions, and the Court held a telephonic conference outside of the presence of the jury to consider a response to the questions.  Docket No. 147 at 2-3 ("*THE COURT:*  All right.  No one else is present in the courtroom but the court reporter and the courtroom deputy.  The jury has sent out two questions. . . ."). The responses to the questions were returned to the jury in writing, *id.* at 4, and Mr. Greenwood concedes that the questions from the jury were "for clarification of a legal issue," Docket No. 159 at 9-10.  Consequently, the lack of Mr. Greenwood's presence during the telephone conference fails to demonstrate either cause or prejudice under *Strickland* to establish a claim of ineffective assistance of counsel.  Therefore, this claim shall be dismissed.

## 2.  Claim 3 – Failure to Cross-Examine the Informant

Mr. Greenwood asserts that his trial attorney failed to either challenge or cross-examine the Government's informant concerning payments the informant received for his assistance to law enforcement authorities.  Docket No. 159 at 14.  Mr. Greenwood argues that counsel's performance was deficient in this regard because the potential bias of the informant was not sufficiently explored and because the informant was the Government's witness-in-chief, Mr. Greenwood was prejudiced by the deficient performance.  *Id.*

In order to assert an ineffective assistance of counsel claim, Mr. Greenwood must set forth specific "performance" errors on the part of trial counsel and demonstrate "prejudice," i.e., a "reasonable probability" that, absent counsel's errors, a different

outcome would have occurred. *Strickland*, 466 U.S. at 688. As the Government has demonstrated from the record in this regard, which Mr. Greenwood does not refute, the jury did not lack knowledge regarding the informant's motive and bias:

> During the cross-examination of [the Agent and Detective], defense counsel elicited ample evidence of the informant's motive and bias. *See* Doc. 144 at 94 (ATF paid the informant); *id.* at 96-99 (ATF recommended dismissal of charges against the informant; those charges were dismissed); doc. 145 at 46-48 (discussing amounts paid to informant); *see also* doc. 144 at 30-31 (noting the dismissal of charges in opening statement).

Docket No. 165 at 18.

The testimony obtained by trial counsel from the Agent and Detective on cross-examination was not only relevant to the issues Mr. Greenwood claims as deficiencies in counsel's performance but Mr. Greenwood fails to outline any additional relevant testimony that should have or could have been obtained from cross-examination of the informant. Trial strategy includes determining how best to cross-examine witnesses. *See Pickens v. Gibson,* 206 F.3d 988, 1002 (10th Cir. 2000). Therefore, the manner in which counsel cross-examines a witness is a strategic choice and as such, "virtually unchallengeable." *Kessler v. Cline,* 335 Fed.Appx. 768, 770 (10th Cir. 2009) (unpublished) (citing *Strickland*, 466 U.S. at 690). Mr. Greenwood has not only failed to demonstrate that counsel's cross-examination of the Government's informant was objectively unreasonable, but he has not carried his burden "of demonstrating how more extensive cross-examination . . . might have changed the outcome of this trial." *Church v. Sullivan*, 942 F.2d 1501, 1513 (10th Cir. 1991).

Further with regard to his Claim 3, relying on *United States v. Singleton,* 165 F.3d 1297 (10th Cir. 1999), Mr. Greenwood contends "that law enforcement officers in the

field are prohibited from conferring such concessions without the expressed and prior authorization of an employee of the United States Attorney's Office." Docket No. 159 at 15. He specifically points out, however, that he is not contending that the anti-gratuity statute found at 18 U.S.C. § 201 has been violated. *Id.* Therefore, Mr. Greenwood's intent or purpose in citing *Singleton* is unclear. He fails in any meaningful manner to present a plausible claim with supporting facts or argument with regard to the Tenth Circuit's ruling in *Singleton* or his contention regarding a requirement of expressed and prior authorization of the United States Attorney's Office in the offering of "concessions" to an informant as either assertion may bear upon a claim of ineffective assistance of counsel or otherwise. Therefore, Mr. Greenwood's claim in this regard is rejected. *See, e.g., United States v. Clingman,* 288 F.3d 1183, 1187 (10th Cir. 2002) (defendant waived habeas claim of ineffective assistance of counsel where he failed to articulate a single specific fact or otherwise support the claim); *see also Fisher,* 38 F.3d at 1147 (10th Cir. 1994) (a court is not required to fashion a habeas applicant's arguments for him where his allegations are conclusory and without supporting facts).

Mr. Greenwood has not established that counsel's performance was deficient or that he was prejudiced in this regard, and therefore this claim provides no basis for relief under 28 U.S.C. § 2255. Accordingly, the claim will be dismissed.

### 3. Claim 4 – Failure to Object to Instances of Prosecutorial Misconduct

In the fourth claim of his § 2255 Motion, Mr. Greenwood alleges his counsel rendered ineffective assistance by allowing "blatant prosecutorial misconduct to occur in this case" and that "[m]ost of the government's prosecutorial misconduct and admonitions by the Court were found at a Motions Hearing." Docket No. 159 at 15-6.

Mr. Greenwood argues that "[u]pon review of the referenced transcripts [of the motions hearing], it becomes readily apparent that government counsel went beyond its duty by attempting to prevent disclosure of exculpatory information and to hamper the defense's efforts to review bias of the informant."  *Id.* at 16.

As pointed out by the Government's Response and acknowledged by the substance of Mr. Greenwood's argument with regard to this claim, the alleged violations Mr. Greenwood champions under this claim were the subject of two motions to dismiss. *See* Docket No. 165 at 19 (citing Docket Nos. 50 and 70). Therefore, Mr. Greenwood's claim of ineffective assistance of counsel in this regard is in reality a complaint that his counsel's arguments in connection with the dismissal motions were not sufficiently persuasive to convince the Court to grant a dismissal.  As previously stated, it is well established that the mere fact that counsel's arguments are unsuccessful does not render counsel's performance constitutionally deficient.  *See Miller,* 464 Fed.Appx. at 752 (failure to obtain favorable outcome not proof of deficient performance).

With regard to any potentially remaining contentions that his lawyer was constitutionally ineffective for failing to object to prosecutorial misconduct, Mr. Greenwood fails to clearly identify any further alleged misconduct by the prosecution or how his counsel failed to reasonably perform with regard to it or how it affected his case.  His remaining allegations regarding prosecutorial misconduct and counsel's alleged failure to object are simply too vague and conclusory to constitute a cognizable ineffective assistance of counsel claim.  *See Hatch,* 58 F.3d at 1457 (allegations of ineffective assistance of counsel must be specific and particularized; "[c]onclusory allegations will not suffice to warrant a hearing.")); *see also Fisher,* 28 F.3d at 1147

(same).  Mr. Greenwood has failed to carry his burden of alleging facts which, if proven, would entitle him to relief in this regard.  Therefore, he cannot establish a claim of ineffective assistance of counsel under this claim and it will be dismissed.

### 4. Claim 9 – Failure to Cross-Examine the Case Agent Concerning Alleged False Testimony

As another instance of ineffective assistance of trial counsel, Mr. Greenwood contends that trial counsel failed to cross-examine the ATF case agent concerning testimony given by the agent concerning the Government's informant.  Docket No. 159 at 24.  Mr. Greenwood argues that the agent "alleg[ed] that everything the confidential informant stated was corroborated by video," which was not true.  *Id.*  Additionally, Mr. Greenwood argues that the agent testified "that the informant alleged [Mr. Greenwood] had sold drugs to two (2) other individuals who were present in the car at the time an alleged drug transaction allegedly occurred between the informant and [Mr. Greenwood]," but these alleged transactions were not recorded and therefore 'could not have been the truth.'"  *Id.*  Mr. Greenwood concludes that his trial counsel was ineffective for failing to object on grounds of hearsay or to cross-examine the agent on the agent's contradictory statements.  *Id.*  In response to Mr. Greenwood's claim, the Government asserts that the claim "is self-defeating."  Docket No. 165 at 19.  The Court would agree.

Referring to the portion of the trial transcript cited by Mr. Greenwood in support of his claim, the Government correctly observes that the cited portion is "the moment at which defense counsel impeached [the agent] with his contradictory statements."  *Id.* at 20 (citing Docket No. 144 at 129-30, the docket and page number corresponding to Mr. Greenwood's citation to the same instance in the Trial Transcript at 265-66).  Mr.

Greenwood fails to allege any basis in fact or governing law to support a determination that counsel's attempt instead to impeach the agent during cross-examination, rather than to object, did not constitute sound trial strategy. *See Strickland,* 466 U.S. at 690 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955) ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"); *see also Snow v. Sirmons,* 474 F.3d 693, 721 (10th Cir. 2007) (observing that when "[t]he failure to object appears to be trial strategy[,] . . . it cannot be ground[ ] for a claim of ineffective assistance of counsel").

Viewing Mr. Greenwood's claim as being that his trial attorney unreasonably failed to impeach the agent's testimony with the contradictory statements, he does not explain how counsel's failure to further highlight the information on cross-examination was deficient or prejudicial. The burden in this respect, as it is in establishing all of the alleged deficiencies of counsel, must be carried by Mr. Greenwood. Mr. Greenwood's basic contention instead boils down to allegations that some other course of trial strategy in raising objection to or in cross-examination of the agent would have been more successful. However, second guessing trial counsel after a conviction at trial does not establish that counsel's conduct of the defense during trial was unreasonable at the time or fell outside of standards for acceptable representation. The proper standard for measuring attorney performance is not that of perfection. *United States v. Haddock*, 12 F.3d 950, 955-56 (10th Cir. 1993). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. A decision as to cross-

examination, even a decision not to cross-examine at all, "could simply have been part of trial counsel's strategy." *United States v. Voigt*, 877 F.2d 1465, 1468 (10th Cir. 1989). Further, Mr. Greenwood has failed to present a plausible factual demonstration of how any proposed highlighted or intensified cross-examination of the agent in this regard would have changed the outcome of the trial or caused the outcome to be unreliable.

The record in this regard reflects that on cross-examination, trial counsel did raise the issue and question the agent regarding the inaccuracy of the agent's direct testimony. Docket No. 144 at 129-30. Relevant to the cross-examination exchange is Jury Instruction No. 5, which informed the jury:

> You are the sole judges of the credibility or 'believability' of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon. . . .

Docket No. 114-9 at 6.

The jury is presumed to have followed the instructions as given. *United States v. Almaraz,* 306 F.3d 1031, 1037 (10th Cir. 2002) (courts "presume jurors attend closely to the language of the instructions in a criminal case and follow the instructions given them."). Accordingly, unless reliable evidence to the contrary is presented, it is

assumed that the jury followed the instruction and evaluated the agent's testimony with greater caution based on defense counsel addressing the contradictory statements during cross-examination.  Aside from conjecture and conclusion, Mr. Greenwood provides no facts or allegations which would refute the assumption.  Mr. Greenwood has failed to show deficient performance by counsel with regard to any acts or failures to act in this regard or to demonstrate prejudice which deprived him of a fair trial with a reliable result, and so this claim will be dismissed.

### D.  Claim that Challenges the Performance of Appellate Counsel

Mr. Greenwood's final claim in his § 2255 Motion concerns what he argues was ineffective assistance of his appellate attorney for failing to argue that the cumulative error doctrine required a new trial in his case.  Docket No 159 at 34.  Based on all of the claims he has raised in this postconviction proceeding, Mr. Greenwood contends that "there is ample evidence that appellate counsel failed to conduct a conscientious review of the record to raise non-frivolous issues which would have had a positive outcome during the direct appeal." *Id.* at 35.  Therefore Mr. Greenwood posits that appellate counsel's failure to argue the cumulative error doctrine in the appellate process was constitutionally prejudicial and entitles him to a new trial. *Id.*

"Although criminal defendants are entitled to effective assistance of counsel on direct appeal . . . it is difficult to establish a claim of ineffective assistance of appellate counsel based on a failure to raise a particular issue on appeal."  *United States v. Parada,* 555 Fed.Appx. 763, 766 (10th Cir. 2014) (citing *Evitts v. Lucey,* 469 U.S. 387, 396-97 (1985); *Upchurch v. Bruce,* 333 F.3d 1158, 1163 (10th Cir. 2003)).  Claims asserting the ineffectiveness of appellate counsel are also governed by the Supreme

Court's decision in *Strickland*.  *See Upchurch*, 333 F.3d at 1163.

This Court has addressed each clam of ineffectiveness of trial counsel raised by Mr. Greenwood in his § 2255 Motion and found that he has failed to establish that his trial counsel was ineffective on any of the claims brought forth.  "[A] cumulative-error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors."  *United States v. Rivera,* 900 F.2d 1462, 1471 (10th Cir. 1990).  Mr. Greenwood has failed to identify actual errors that occurred in connection with his conviction or his sentence and this claim is therefore denied.  *United States v. Miller,* 464 Fed.Appx. 750, 752 (10th Cir. 2012) ("Without pointing to a winning argument passed over by his attorney, [defendant] cannot make a case for ineffective assistance on appeal.") (citing *Orange*, 447 F.3d at 797 (counsel has no duty to raise meritless issues on direct appeal)).

## IV. CONCLUSION AND ORDERS

The Court has reviewed Mr. Greenwood's motion and the documents in support of his motion under 28 U.S.C. § 2255.  The Court finds that Mr. Greenwood has not shown that his conviction or sentence was imposed in violation of the Constitution or federal law.  Therefore, his motion to vacate, set aside or correct his conviction or sentence will be denied.

The files and records in this case conclusively illustrate that Mr. Greenwood is not entitled to any relief.  Accordingly, no evidentiary hearing is required.  *United States v. Marr,* 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where defendant's § 2255 motion may resolved on the record before the court).

A certificate of appealability may issue only if the movant has made a substantial

showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing of a denial of a constitutional right, the movant must show that reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted).  Mr. Greenwood has failed to make this showing.  For the reasons set forth above, the Court finds that a certificate of appealability shall not issue.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States,* 369 U.S. 438 (1962).  If Mr. Greenwood files a notice of appeal, he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit in accordance with Fed. R. App. P. 24.

**THEREFORE, IT IS ORDERED** as follows:

1.      That Mr. Greenwood's Motion Under 28 U.S.C. § 1155 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Docket No. 158) is denied and this action dismissed;

2.      That under 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied; and

3.      That leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED July 26, 2018, at Denver, Colorado.

BY THE COURT:

_____
R. BROOKE JACKSON
United States District Judge